IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDSEL WOOTEN, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. CCB-20-1218 |
| LAWRENCE J. HOGAN, *Governor of Maryland*, | * | |
| BOYD K. RUTHERFORD, *LT. Governor*, | * | |
| ROBERT L. GREENE, *Secretary of Public Safety and Correctional Services*, | * | |
| WALTER WEST, *Warden of ECI*, | | |
| WALTER HOLMES, *Assistant Warden*, and | * | |
| WAYNE HILL, *Commissioner of Corrections*, | | |
| | * | |
| Defendants. | | |

\*\*\*

## MEMORANDUM OPINION

Plaintiff Edsel Wooten filed this civil rights action along with a supplement to the complaint asserting that his health has been put in jeopardy due to the handling of the COVID-19 pandemic at Eastern Correctional Facility ("ECI") located in Westover, Maryland. ECF Nos. 1, 5. In response, Defendants Hogan, Rutherford, Greene, West, Holmes and Hill filed a Motion to Dismiss or, in the Alternative, for Summary Judgment, addressing both the COVID-19 protocols at ECI and asserting that plaintiff failed to exhaust his administrative remedies prior to filing his complaint. ECF No. 13. Plaintiff has filed a response to the motion. ECF No. 15.

The court finds a hearing in this matter unnecessary. *See* Local Rule 105.6. (D.Md. 2021). For the reasons explained below, the defendants' motion, construed as a motion to dismiss, will be granted due to plaintiff's failure to exhaust administrative remedies.

**Background**

Plaintiff's complaint was received by the court for filing on May 11, 2020. ECF No. 1. Plaintiff states in his complaint and supplement to the complaint that defendants have failed to assure his safety relative to the COVID-19 pandemic. ECF Nos. 1, 5. He is housed in a double cell with another prisoner and alleges there are numerous safety deficiencies including a lack of cleaning supplies, corrections officers not properly wearing face masks, common areas not being properly disinfected, and a lack of social distancing in recreation areas. *Id.*

In his complaint, plaintiff states that he did not file an Administrative Remedy Procedure ("ARP") complaint regarding his claims. ECF No. 1 at 2. He states this is because "[t]his corona virus pandemic is not able to be remedied through the ARP proceedings or the inmate grievance due to it is a 5th Amendment violation due to the process would not get a proper hearing nor any fair outcome." *Id.*

In his supplement to the complaint, plaintiff also acknowledges that he did not file an ARP and states "I have been told by numerous officers that thier (sic) have not been complaint forms or ARP's for months, and most officers don't give them out if they think you are about to write them up." ECF No. 5 at 8. He further states there were no ARP forms available on May 20, 2020, but ARP and complaint forms eventually were brought to the tier on May 26, 2020. *Id.*

Defendants filed a substantive response indicating the safety measures they have put in place at ECI, including providing cleaning supplies to prisoners, social distancing in recreation areas, and providing COVID-19 testing to inmates with "flu like" symptoms. Decl. of Walter West, ECF No. 13-4 at 2, ¶¶ 5, 8. Defendants also assert that the complaint should be dismissed because plaintiff failed to file any ARPs concerning COVID-19. ECF No. 13 at 13-15. Defendants provide documentation of five ARPs filed by plaintiff in March, June, November, and December 2020. ECF No. 13-6 at 1-6. They also provide a log noting numerous ARP complaints filed by inmates housed in the same area of the prison (HU 7) as plaintiff each month from March to July 2020. *Id.* at 7-12. Additionally, Kristina Donnelly, Special Assistant to the Deputy Secretary for Operations, attests that a search of the DPSCS Headquarters

ARP Unit's database of ARP appeals did not produce a record of any ARP appeal from plaintiff as of January 19, 2021.  Donnelly Decl., ECF No. 13-7.

In response, plaintiff addresses defendants' assertion that he did not exhaust administrative remedies.  He states that he is "submitting a copy of an 'ARP' that I turned in concerning the health and safety of the inmates in housing unit #7" pertaining to use of the water cooler that allowed inmates to "reach in" to the cooler.  ECF No. 15 at 5.  The ARP is dated June 11, 2020, and noted to have been received by the Warden's office on June 12, 2020.  ECF No. 15-1 at 3.

Plaintiff also states in his response that the "ARP" process is "not available" because only "5-6 ARP's are given to the tiers, on an average every 2 to 3 months."  ECF No. 15 at 7.  He further states "the Sgt. for the 7 x3 shift has been asked by numerous [inmates] including myself for ARP's and I received the same answer each and every time, "we have none available."  Plaintiff states that the lack of ARP forms is intentional to keep inmates from addressing "disgusting and unsafe conditions" at ECI.  ECF No. 15 at 7.

**Standard of Review**

To survive a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the factual allegations of a complaint "must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).  The court may "consider documents attached to the complaint, *see* Fed.R.Civ.P. 10(c), as well as those attached to the motion to dismiss, so long as they are integral to the complaint and authentic[.]" *Sec'y of State for Defence v. Trimble Navigation Ltd.*, 484 F.3d 700, 705 (4th Cir. 2007) (citation omitted). "To satisfy this standard, a plaintiff need not 'forecast' evidence sufficient to prove the elements of the claim. However, the complaint must allege sufficient facts to establish those elements." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012) (citation omitted).

**Analysis**

Defendants contend that plaintiff's complaint is subject to dismissal pursuant to the Prisoner Litigation Reform Act ("PLRA"), 42 U.S.C. §1997e, because his claims have not been properly presented through the administrative remedy procedure. ECF No. 13 at 13-15. The PLRA provides in pertinent part that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

A claim that has not been exhausted pursuant to the PLRA may not be considered by this court. *See Jones v. Bock*, 549 U.S. 199, 220 (2007). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules[.]" *Woodford v. Ngo*, 548 U.S. 81, 88 (2006). An inmate need only exhaust "available" remedies. 42 U.S.C. § 1997e(a). The Supreme Court has stated that an administrative remedy is available if it is "'capable of use' to obtain 'some relief for the action complained of.'" *Ross v. Blake*, 578 U.S. 1174, 136 S. Ct. 1850, 1859 (2016) (quoting *Booth v. Churner*, 532 U.S. 731, 738 (2001)). Thus, an inmate must complete the prison's internal appeals process, if possible, before bringing suit. *See Chase v. Peay*, 286 F. Supp. 2d 523, 529-30 (D. Md. 2003). Exhaustion is also required even where the specific relief sought is not attainable through resort to the administrative remedy procedure. *See Booth*, 532 U.S. at 741. As a prisoner, plaintiff is subject to the strict requirements of the exhaustion provisions. *See Porter v. Nussle*, 534 U.S. 516, 528 (2002) (noting that no distinction is made with respect to exhaustion requirements between suits alleging unconstitutional conditions and suits alleging unconstitutional conduct).

To pursue a grievance, a prisoner confined in a Maryland prison may file a grievance with the Inmate Grievance Office ("IGO") against any DOC official or employee. Md. Code Ann., Corr. Servs. § 10-206(a). However, if the prison has a grievance procedure that is approved by the IGO, the prisoner

must first follow the institutional Administrative Remedy Procedure ("ARP") process, before filing a grievance with the IGO. *See id.* § 10-206(b). The Maryland Department of Public Safety and Correctional Services has made an ARP available to Maryland State prisoners for "inmate complaint resolution." *See* generally *id.* §§ 10-201 *et seq.*; Code of Maryland Regulations ("COMAR") 12.07.01.01B(1) (defining ARP). Thus, before filing a grievance with the IGO, a prisoner is required, among other things, to make an initial request for an administrative remedy with the Warden. *Id.* 12.07.01.04(B)(9)(a). If an ARP is filed and denied, the prisoner may appeal the denial within 30 days to the Commissioner of Correction.

If the Commissioner of Correction denies the appeal, the prisoner may file a grievance with the IGO, also within 30 days. C.S. § 10-206(a); C.S. § 10-210; COMAR 12.07.01.05B. The prisoner must include in the grievance copies of the initial request or administrative remedy, the Warden's response to that request, a copy of the ARP appeal filed with the Commissioner of Correction, and a copy of the Commissioner's response. COMAR 12.07.01.04(B)(9)(a). If the grievance is determined to be "wholly lacking in merit on its face," the IGO may dismiss it without a hearing. C.S. § 10-207(b)(1); *see* COMAR 12.07.01.07B. An order of dismissal constitutes the final decision of the Secretary of DPSCS for purposes of judicial review. C.S. § 10-207(b)(2)(ii).

Here, plaintiff did not timely and properly exhaust the grievance process prior to filing his complaint which was received by the court on May 11, 2020. ECF No. 1.  He states in his complaint that he did not file an ARP.  ECF No. 1 at 2.  Plaintiff later submitted a copy of an ARP he filed on a related matter, unsafe use of the water cooler, dated June 11, 2020. ECF No. 15-1 at 3. Even if plaintiff's June 11, 2020 ARP is construed as an effort to pursue the required administrative process for the claims alleged in the complaint, exhaustion of administrative remedies after a complaint is filed will not save a case from dismissal.  *See Neal v. Goord*, 267 F.3d 116, 121-22 (2d Cir. 2001) (overruled on other grounds).  In *Freeman v. Francis*, 196 F.3d 641, 645 (6th Cir. 1999), the court stated: "The plain

5

language of the statute [§ 1997e(a)] makes exhaustion a precondition to filing an action in federal Court. . . . The prisoner, therefore, may not exhaust administrative remedies during the pendency of the federal suit." *See Kitchen v. Ickes*, Civil Action No. DKC-14-2022, 2015 WL 4378159, at *7 (D. Md. July 14, 2015); *see also Miller v. McConneha, et al*, JKB-15-1349, 2015 WL 6727547, at *3-4 (D. Md. November 2, 2015).

Ordinarily a prisoner must follow the required procedural steps in order to exhaust his administrative remedies. *Moore v. Bennette*, 517 F.3d 717, 725, 729 (4th Cir. 2008); *see Langford v. Couch*, 50 F. Supp. 2d 544, 548 (E.D. Va. 1999) ("[T]he. . . . PLRA amendment made clear that exhaustion is now mandatory."). Exhaustion requires completion of "the administrative review process in accordance with the applicable procedural rules, including deadlines." *Woodford*, 548 U.S. at 88, 93. This requirement is one of "proper exhaustion of administrative remedies, which 'means using all steps that the agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits).'" *Id.* at 93 (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original). But the court is "obligated to ensure that any defects in [administrative] exhaustion were not procured from the action or inaction of prison officials." *Aquilar-Avellaveda v. Terrell*, 478 F.3d 1223, 1225 (10th Cir. 2007); *see also Moore,* 517 F.3d at 725.

Plaintiff states in his complaint that he did not attempt to pursue administrative remedies because he did not think the procedures available were relevant to his claim or that he would get a fair outcome. ECF No. 1 at 2.  Plaintiff is complaining specifically about health and safety issues in the prison and requests that defendants protect him from harm. ECF No. 1 at 4.  This is a complaint regarding prison conditions and the PLRA exhaustion requirements apply.

In his supplement to the complaint, and response, plaintiff asserts that his lack of diligence in filing an ARP is because the ARP grievance forms are not regularly provided. ECF No. 5 at 8, No. 15

at 7. He provides conclusory statements to this effect, without indicating that he attempted to timely file an ARP and was unable to do so.

The record does not support a finding that the grievance procedure was unavailable to plaintiff. Defendants provide documentation of five ARPs filed by plaintiff in March, June, November, and December 2020. ECF No. 13-6 at 1-6. They also provide a log noting numerous ARP complaints filed by inmates housed in the same area of the prison (HU 7) as plaintiff each month from March to July 2020. ECF No. 13 at 13; ECF No. 13-6 at 7-12. This negates plaintiff's implication that ARP forms were unavailable in his housing area to allow him to timely pursue administrative remedies.

Here, nothing reflects that plaintiff pursued administrative remedies prior to filing the complaint or was prevented from doing so. The claims are, therefore, unexhausted and the complaint will be dismissed without prejudice.

Additionally, Dorianne A. Meloy, Assistant Attorney General, has filed a motion to strike appearance which will be granted. ECF No. 16.

A separate Order follows.

   9/14/21                                                /S/
Date                                                      Catherine C. Blake
                                                           United States District Judge